1  THOMAS F. LANDERS [SBN 207335]
   tlanders@swsslaw.com
2  LEAH S. STRICKLAND [SBN 265724]
   lstrickland@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   (t) 619.231.0303
5  (f) 619.231.4755

6  Attorneys for Defendant MIDLAND
   CREDIT MANAGEMENT, INC.

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 QUINELLA SMITH, an individual,        Case No. **'14CV0005 W    DHB**

12            Plaintiff,                   **NOTICE OF REMOVAL OF
                                           ACTION UNDER 28 U.S.C. § 1441(a)**
13       v.

14 MIDLAND CREDIT                          State Court Complaint Filed:  12/03/13
   MANAGEMENT, INC.,
15
            Defendant.
16

17      TO THE CLERK OF THE COURT:

18      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1331,

19 Defendant Midland Credit Management, Inc. ("Midland") hereby removes this

20 action from the Superior Court of the State of California for the County of San

21 Diego, Case No. 37-2013-00077724-CL-CO-CTL (the "State Case") to the United

22 States District Court for the Southern District of California.  The grounds for this

23 removal are:

24      **FACTUAL SUMMARY**

25      1.      On December 2, 2013, Plaintiff Quinella Smith commenced the State

26 Case alleging violations of the federal Fair Debt Collection Practices Act (15 U.S.C.

27 ///

28 ///

P:00832641:87025.034

NOTICE OF REMOVAL

1  § 1692 *et seq.*) and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code
2  § 1788 *et seq.*).

3    2.    Midland was served with the summons and complaint on December 2,
4  2013.

5    3.    This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) because
6  it is being filed within thirty days after service of the complaint.

7  **JURISDICTION**

8    4.    Removal is proper pursuant to 28 U.S.C. § 1441(a), which entitles a
9  defendant to remove "any civil action brought in a State court of which the district
10  courts of the United States have original jurisdiction," and 28 U.S.C. § 1331, which
11  gives district courts "original jurisdiction of all civil actions arising under the
12  Constitution, laws, or treaties of the United States." The district court has
13  supplemental jurisdiction over the alleged state law claim because it is so related to
14  the claim over which the district court has original jurisdiction that it "form[s] part
15  of the same case or controversy." 28 U.S.C. § 1367(a).

16    5.    Pursuant to 28 U.S.C. § 1446(a), Midland attaches as Exhibits 1 and 2 a
17  copy of all process, pleadings, and orders served upon defendant in the State Court
18  action.

19

20  DATED:  January 2, 2014          SOLOMON WARD SEIDENWURM &
21                                   SMITH, LLP

22

23                                   By: /s/Thomas F. Landers
24                                       THOMAS F. LANDERS
25                                       LEAH S. STRICKLAND
                                         Attorneys for Defendant MIDLAND
26                                       CREDIT MANAGEMENT, INC.

27

28

P:00832641:87025.034

-2-

NOTICE OF REMOVAL

1

## INDEX TO EXHIBITS

2                                                                          <u>Pages</u>

3

4   Exhibit 1:    State Court Action ..........................................................    4-27

5   Exhibit 2:    State Court Answer ...............................................28-33

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/02/2013** at 08:36:42 AM

Clerk of the Superior Court
By Rebecca Vela, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Midland Credit Management, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Quinella Smith

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

330 W. Broadway, Room 225
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2013-00077724-CL-CO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Wrabel(SBN#234175) 1723 Russell Way, Roseville, Ca. 95661

DATE:         12/02/2013
*(Fecha)*

Clerk, by         B. Vela, Deputy
*(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Midland Credit Management, Inc.

    under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1
Page 4

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/02/2013** at 08:36:42 AM
Clerk of the Superior Court
By Rebecca Vela, Deputy Clerk

1
Law Office of Chris Wrabel
Christopher Wrabel SBN: 234175
2
1723 Russell Way
Roseville, CA 95661
3
(916) 990-1923
cwrabel@yahoo.com
4

5   Attorneys for Plaintiff Quinella Smith

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN DIEGO**

10                     **LIMITED CIVIL CASE**

11
                                        Case No.   37-2013-00077724-CL-CO-CTL
12

13   Quinella Smith an individual,

                                        **COMPLAINT FOR DAMAGES**
14                   Plaintiff,          Amount demanded does not exceed
                                         $10,000
15         v.

16

17   Midland Credit Management, Inc.,

18

19                   Defendant.

20

21                          **COMPLAINT**

22                       *I. INTRODUCTION*

23       1.    This is an action for damages brought by an individual consumer for Defendant's

24   violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter

25   "FDCPA") and the Rosenthal Debt Collection Practices Act, California Civil Code §§ 1788 *et*

26   *seq.* which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

27

28                              1

Exhibit 1
Page 5

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff, Quinella Smith, is a natural person residing in Warren, AR.

4.      Defendant, Midland Credit Management, Inc., is a business entity engaged in the business of collecting debts in this state with its principal place of business located at 3111 Camino Del Rio N #1300, San Diego, CA 92108.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and as defined by California Civil Code § 1788.2(c).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

## IV. FACTUAL ALLEGATIONS

7.      Defendant Midland Credit Management, Inc. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Midland Funding LLC.

8.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9.      Midland Credit Management, Inc. sent Plaintiff a dunning letter dated February 13, 2013.

2

COMPLAINT

Exhibit 1
Page 6

10.     This letter stated **"PRE-LEGAL REVIEW"** in large capital letters and bold font. This letter also stated the following: "Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation . . . . If we don't hear from you or receive payment by 03-30-2013, we may proceed with forwarding this account to an attorney."

11.     This statement was an implied threat that Plaintiff would be sued if she did not pay her alleged debt.

12.     Upon information and belief, Midland Credit Management, Inc. never intended to commence any legal action against Plaintiff.

13.     Thus, Midland Credit Management, Inc. falsely raised the specter of potential legal action, in violation of the FDCPA.

14.     Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

15.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

17.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

### V.  FIRST CLAIM FOR RELIEF

3

COMPLAINT

Exhibit 1
Page 7

18.   Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

19.   The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

20.   Defendant Midland Credit Management, Inc. violated provisions of the FDCPA, including, but not limited to, the following:

21.   The FDCPA 15 U.S.C. § 1692e(5) prohibits threatening to take any action that is not intended to be taken.  FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

22.   The words **"PRE-LEGAL REVIEW"** in large capital letters and bold font, and the language that "Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation . . . . If we don't hear from you or receive payment by 03-30-2013, we may proceed with forwarding this account to an attorney," is a threat that legal action will be taken against Plaintiff if her account is not paid.  Midland Credit Management, Inc. falsely raised the specter of potential legal action, in violation of the FDCPA.

23.   As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages which can be up $1,000, and costs and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

24.   Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25.   California Civil Code § 1788.17 states the following: "Every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections

4

COMPLAINT

Exhibit 1
Page 8

1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

26. Defendant violated California Civil Code §§ 1788.17 by violating § 1692e(3), § 1692e(5), and § 1692e(10) of the FDCPA.

27. As a result of the above violations of the Rosenthal Fair Debt Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. Declaratory judgment that defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the defendant's violations of the California Rosenthal Fair Debt Collection Practices Act.
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Statutory damages pursuant to California Civil Code § 1788.30.
E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.
F. For such other and further relief as may be just and proper.

Dated:     11/27/13                          LAW OFFICES OF CHRIS WRABEL

                                             By:  /S/Christopher J. Wrabel_____
                                             CHRISTOPHER WRABEL, Esq.
                                             Attorney for Plaintiff Quinella Smith

5

COMPLAINT

Exhibit 1
Page 9

## PROOF OF SERVICE BY MAIL

I, the undersigned, hereby declare:  I am over the age of 18 and not a party to the within action; my

address is _____.

       On _____, 2013, I served the foregoing document described as **Complaint** on interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Midland Credit Management, Inc.
3111 Camino Del Rio N. #1300
San Diego, CA 92108

**VIA:**
[ x ]  **MAIL**  I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at place of business, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(sign)_____

_____
(type or print name of server, not Defendant)

6

COMPLAINT

Exhibit 1
Page 10

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Law Offices of Chris Wrabel<br>Christopher Stefan SBN#234175<br>1723 Russell Way<br>Roseville, Ca. 95661<br>TELEPHONE NO.: (916)990-1923     FAX NO.:<br>ATTORNEY FOR (Name): Quinella Smith, Petitioner. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/02/2013** at 08:36:42 AM<br>Clerk of the Superior Court<br>By Rebecca Vela, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO.
STREET ADDRESS: 330 W. Broadway, Room 225
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Smith v. Midland Credit Management, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2013-00077724-CL-CO-CTL |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Joan M. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment:**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☑ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): one.
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/27/13

Christopher Wrabel
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1
Page 11

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book account) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Exhibit 1
Page 12

F I L E D
Clerk of the Superior Court

JAN 03 2013

By:  Amy Kelfers

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| IN RE PROCEDURES REGARDING ELECTRONIC FILING | GENERAL ORDER OF THE PRESIDING DEPARTMENT<br><br>ORDER NO. 010313 |

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project").  Phase Two of the Program is the implementation of electronic filing by counsel and parties through the court's E-File Service Provider.

Electronic filing under Phase Two of the Program will initially be limited to the Central Civil Division only.  Probate and North County Civil Divisions of the Superior Court

Exhibit 1
Page 13

are excluded from Phase Two of the Program.  This General Order relates to Phase Two, and supplements General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit.  Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases.  Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website.  Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///
///
///

Exhibit 1
Page 14

1        This Order shall expire on December 31, 2013, unless otherwise ordered by this

2    court.

3        IT IS SO ORDERED.

4    Dated:  January 3, 2013

*Robert Trentacosta*

ROBERT J. TRENTACOSTA
**Presiding Judge**

Exhibit 1
Page 15

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure Section 1010.6, and San Diego Superior Court General Order: In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.

**Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.**

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

### PERMISSIVE eFILING
Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

Page 1 of 7

Revised 11-5-13

Exhibit 1
Page 16

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Civil Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400 – 3.403 (as set forth in the Civil Case Cover Sheet, Judicial Council form CM-010 – but not including Construction Defect actions).  "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types.  Construction Defect cases, currently being electronically filed through File&Serve Xpress (fka Lexis Nexis File&Serve) website, will continue to be electronically filed through that system until further notice.

For cases of the type subject to mandatory eFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory eFiling that are already pending as of March 3, 2013, and provided that the case has been

Revised 11-5-13

Exhibit 1
Page 17

imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements.  This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to eFile in a mandatory eFile case; however, they may eFile if they choose to do so and/or are otherwise ordered to eFile by the court.

## REQUIREMENTS FOR ALL eFILERS

eFile documents can only be filed through the court's Electronic Filing and Service Provider (the "Provider").  See www.onelegal.com.

eFilers must comply with CRC 2.250 – 2.261.  Also, all documents electronically filed must be in a pdf format using Adobe Acrobat version 7 or higher that is also a text searchable format, i.e. OCR.  The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Revised 11-5-13

Exhibit 1
Page 18

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site.  Documents no so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that include the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20 (b) only the last four digits of a social security or financial account number may be reflected in court case filings.  Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3).  Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction once the Court has ruled on the matter to which the proposed document applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the

Revised 11-5-13

Exhibit 1
Page 19

transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Standard Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day**.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.  A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so.  Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

## DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING

The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

Page 5 of 7

Revised 11-5-13

Exhibit 1
Page 20

- Safe at Home Name Change Petitions
- Civil Harassment TRO / RO
- Workplace Violence TRO / RO
- Elder Abuse TRO / RO
- Transitional Housing Program Misconduct TRO / RO
- School Violence Prevention TRO / RO
- Out-of-State Commission Subpoena
- Undertaking / Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential document lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)

Revised 11-5-13

Exhibit 1
Page 21

- Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet – False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant / Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Page 7 of 7

Revised 11-5-13

Exhibit 1
Page 22



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2013-00077724-CL-CO-CTL   CASE TITLE:
Quinella Smith v Midland Management Inc [IMAGED]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the dispute, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit 1
Page 23

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

---

Exhibit 1
Page 24

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:   330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:   Central
TELEPHONE NUMBER:   (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):   Quinella Smith

DEFENDANT(S) / RESPONDENT(S):  Midland Credit Management INC

QUINELLA SMITH V MIDLAND MANAGEMENT INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2013-00077724-CL-CO-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Joan M. Lewis

Department: C-65

**COMPLAINT/PETITION FILED:** 12/02/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/30/2014 | 10:45 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Exhibit 1
Page 25

Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order – Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

Exhibit 1
Page 26



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

WAS / ALL
Transmittal Number: 11904819
Date Processed: 12/03/2013

| Primary Contact: | Milana Ashirov
Midland Credit Management, Inc.
3111 Camino del Rio North
Suite 1300
San Diego, CA 92108 |
|---|---|

| | |
|---|---|
| Entity: | Midland Credit Management, Inc
Entity ID Number  1682419 |
| Entity Served: | Midland Credit Management, Inc. |
| Title of Action: | Quinella Smith vs. Midland Credit Management, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | San Diego County Superior Court, California |
| Case/Reference No: | 37-2013-00077724-CL-CO-CTL |
| Jurisdiction Served: | California |
| Date Served on CSC: | 12/02/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Christopher Wrabel
916-990-1923 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

Exhibit 1
Page 27

# EXHIBIT 2

1  THOMAS F. LANDERS [SBN 207335]
   tlanders@swsslaw.com
2  LEAH S. STRICKLAND [SBN 265724]
   lstrickland@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   (t) 619.231.0303
5  (f) 619.231.4755

6  Attorneys for Defendant MIDLAND CREDIT
   MANAGEMENT, INC.

7

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/31/2013** at 08:00:00 AM
Clerk of the Superior Court
By Rebecca Vela,Deputy Clerk

8              **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF SAN DIEGO, CENTRAL DIVISION**

10

11  QUINELLA SMITH, an individual,          Case No. 37-2013-00077724-CL-CO-CTL

12              Plaintiff,                  **ANSWER TO PLAINTIFF'S COMPLAINT**

13          v.                             [IMAGED FILE] – Limited Civil Case

14  MIDLAND CREDIT MANAGEMENT, INC.,       Judge: Joan M. Lewis
                                            Dept.: C-65
15              Defendant.

16                                          Action Filed:      December 2, 2013

17

18         Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") answers the

19  Complaint of Plaintiff QUINELLA SMITH ("Plaintiff") as follows:

20                          **GENERAL DENIAL**

21         1.     Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

22  generally and specifically denies each and every allegation set forth in the Complaint, and the

23  whole thereof, and generally and specifically denies that Plaintiff has been injured or has suffered

24  any damages in any sum whatsoever.

25                        **AFFIRMATIVE DEFENSES**

26         As and for separate affirmative defenses to the Complaint, Defendant alleges on

27  information and belief as follows:

28  ///

P:00832617-2:87025.034                                        37-2013-00077724-CL-CO-CTL
                         ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT 2

Exhibit 2
Page 28

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

2.      The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

3.      Defendant alleges on information and belief that the allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

4.      Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5.      Defendant alleges on information and belief that Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6.      Defendant alleges on information and belief that Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

Exhibit 2
Page 29

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7.     Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

8.     Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

9.     The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

10.     To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

11.     The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claim is therefore barred, in whole or in part, by the California litigation privilege.

Exhibit 2
Page 30

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### (First Amendment)

3      12.    Defendant's conduct is protected under the First Amendment of the United States

4  Constitution and the California Constitution.

5

## THIRTEEN AFFIRMATIVE DEFENSE

6

### (Privilege)

7      13.    Defendant alleges that any of its actions and/or communications, if any, whether

8  written or oral, were privileged pursuant to California Civil Code § 47, § 1785.32, 15 U.S.C.

9  § 1692k(d), the common law; and that the use of the process that Plaintiff claims were abused was

10  a publication made in the course of judicial or similar proceedings and were absolutely privileged

11  under California Civil Code § 47(b).

12

## FOURTEENTH AFFIRMATIVE DEFENSE

13

### (Conduct of Others)

14      14.    Plaintiff's damages, if any, were caused by the actions or inactions of others over

15  whom this answering Defendant had no control.

16

## FIFTEENTH AFFIRMATIVE DEFENSE

17

### (Bona Fide Error)

18      15.    To the extent that any violation of law occurred, which Defendant expressly denies,

19  said violation was not intentional and resulted from a bona fide error notwithstanding the

20  maintenance by Defendant of procedures reasonably adapted to avoid any such error.

21

## SIXTEENTH AFFIRMATIVE DEFENSE

22

### (Right to Amend)

23      16.    Defendant reserves the right to amend this Answer to allege additional affirmative

24  defenses.

25

## PRAYER

26      WHEREFORE, Defendant MIDLAND CREDIT MANAGEMENT, INC. requests

27  judgment as follows:

28  ///

P:00832617-2:87025.034             -4-          37-2013-00077724-CL-CO-CTL

ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit 2
Page 31

1        1.     That Plaintiff takes nothing by way of her Complaint, which should be dismissed

2    with prejudice;

3        2.     That Defendant recover from Plaintiff its costs according to proof;

4        3.     That Defendant recover its attorneys' fees according to proof; and

5        4.     That the Court orders such other further reasonable relief as the Court may deem

6    just and proper.

7

8    DATED:  December 30, 2013          SOLOMON WARD SEIDENWURM & SMITH, LLP

9

10                                   By:

11                                   THOMAS F. LANDERS

12                                   LEAH S. STRICKLAND

                                   Attorneys for Defendant MIDLAND CREDIT

13                                   MANAGEMENT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P:00832617-2:87025.034                         -5-                 37-2013-00077724-CL-CO-CTL

ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit 2
Page 32

**PROOF OF SERVICE**

1

2  STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

3      At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 401 B Street,

4  Suite 1200, San Diego, CA 92101.

5      On December 30, 2013, I served true copies of the following document(s) described as **ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

6

7  Christopher Wrabel, Esq.          Attorney for Plaintiff Quinella Smith
   Law Office of Christopher Wrabel
   1723 Russell Way

8  Roseville, CA 95661
   916-990-1923

9  cwrabel@yahoo.com

10      **BY MAIL:** I enclosed the document(s) in sealed envelope(s) or package(s) addressed to the person(s) at the address(es) listed above and placed the envelope(s) for collection and mailing,

11  following our ordinary business practices. I am readily familiar with Solomon Ward Seidenwurm & Smith, LLP's practice for collecting and processing correspondence for mailing. On the same

12  day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13  I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

14

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16      Executed on December 30, 2013, at San Diego, California.

17

18  _____
      Pamela Blanton

19

20

21

22

23

24

25

26

27

28

Exhibit 2
Page 33

JS 44 (Rev. 09/11) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
QUINELLA SMITH

**DEFENDANT**
MIDLAND CREDIT MANAGEMENT, INC.

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant <u>San Diego</u>
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Wrabel, Esq.
Law Office of Christopher Wrabel
1723 Russell Way
Roseville, CA 95661
Tel: (916) 990-1923

Attorneys *(If Known)*
Thomas F. Landers , Esq. and Leah S. Strickland, Esq.
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Tel. (619) 231-0303; Fax (619) 231-4755

**'14CV0005 W    DHB**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☒ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 15 U.S.C. § 1692 et seq.

Brief description of cause: Plaintiff alleges violations of federal and state Fair Debt Collection Practices Acts.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: January 2, 2014

SIGNATURE OF ATTORNEY OF RECORD
/s/Thomas F. Landers

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                           Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkFlow.com